96 F.3d 1091
 112 Ed. Law Rep. 682
 Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother
and next friend; Kendra Liddell, a minor, by Minnie
Liddell, her mother and next friend; Minnie Liddell;
Roderick D. LeGrand, a minor, by Lois LeGrand, his mother
and next friend; Lois LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and next friend; Samuel Yarber;
Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels;
National Association for the Advancement of Colored People;
United States of America; City of St. Louis, Plaintiffs,
v.
BOARD OF EDUCATION OF the CITY OF ST. LOUIS, Defendant-Appellant,
Rev. Earl E. Nance, Jr., President, Board of Education of
the City of St. Louis; Renni B. Shuter, a member of the
Board of Education; Paula V. Smith, a member of the Board
of Education; Dr. Albert D. Bender, Sr., a member of the
Board of Education; Eddie G. Davis, a member of the Board
of Education; Hattie R. Jackson, a member of the Board of
Education; Dr. John P. Mahoney, a member of the Board of
Education; Marybeth McBryan, a member of the Board of
Education; Thomas M. Nolan, a member of the Board of
Education; William Purdy, a member of the Board of
Education; Robbyn G. Stewart, a member of the Board of
Education; Madye Henson Whithead, a member of the Board of
Education; Rufus Young, Jr.; Julius C. Dix; David J.
Mahan, Interim Superintendent of Schools; Ronald Leggett,
St. Louis Collector of Revenue; State of Missouri; Mel
Carnahan, Governor of the State of Missouri; Jeremiah W.
(Jay) Nixon, Attorney General; Bob Holden, Treasurer;
Richard A. Hanson, Commissioner of Administration; Robert
E. Bartman, Commissioner of Education; Missouri State Board
of Education and its members; Thomas R. Davis; Gary M.
Cunningham; Sharon M. Williams; Peter F. Herschend;
Jacqueline D. Wellington; Betty E. Preston; Russell V.
Thompson; Susan B. Finke; Rice Pete Burns; Raymond
McCallister; Special School District of St. Louis County;
Affton Board of Education; Bayless Board of Education;
Brentwood Board of Education; Clayton Board of Education;
Ferguson-Florissant Board of Education; Hancock Place Board
of Education; Hazelwood Board of Education; Jennings Board
of Education; Kirkwood Board of Education; LaDue Board of
Education; Lindbergh Board of Education;
Maplewood-Richmond Heights Board of Education; Mehlville
Board of Education; Normandy Board of Education; Parkway
Board of Education; Pattonville Board of Education;
Ritenour Board of Education; Riverview Gardens Board of
Education, Defendants,
Rockwood Board of Education, Defendant-Appellee,
University City Board of Education; Valley Park Board of
Education; Webster Groves Board of Education; Wellston
Board of Education; St. Louis County; Buzz Westfall,
County Executive; James Baker, Director of Administration,
St. Louis County, Missouri; Robert H. Peterson, Collector of
St. Louis County "Contract Account," St. Louis County,
Missouri, Defendants,
St. Louis Teachers' Union, Local 420, AFT, AFL-CIO, Intervenor.
Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother
and next friend; Kendra Liddell, a minor, by Minnie
Liddell, her mother and next friend; Minnie Liddell;
Roderick D. LeGrand, a minor, by Lois LeGrand, his mother
and next friend; Lois LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and next friend; Samuel Yarber, Plaintiffs,
Earline Caldwell; Lillie Caldwell, Plaintiffs-Appellants,
Gwendolyn Daniels, Plaintiff,
National Association for the Advancement of Colored People,
Plaintiff-Appellant,
United States of America; City of St. Louis, Plaintiffs,
v.
BOARD OF EDUCATION OF the CITY OF ST. LOUIS; Rev. Earl E.
Nance, Jr., President, Board of Education of the City of St.
Louis; Renni B. Shuter, a member of the Board of Education;
Paula V. Smith, a member of the Board of Education; Dr.
Albert D. Bender, Sr., a member of the Board of Education;
Eddie G. Davis, a member of the Board of Education; Hattie
R. Jackson, a member of the Board of Education; Dr. John P.
Mahoney, a member of the Board of Education; Marybeth
McBryan, a member of the Board of Education; Thomas M.
Nolan, a member of the Board of Education; William Purdy, a
member of the Board of Education; Robbyn G. Stewart, a
member of the Board of Education; Madye Henson Whithead, a
member of the Board of Education; Rufus Young, Jr.; Julius
C. Dix; David J. Mahan, Interim Superintendent of Schools;
Ronald Leggett, St. Louis Collector of Revenue; State of
Missouri; Mel Carnahan, Governor of the State of Missouri;
Jeremiah W. (Jay) Nixon, Attorney General; Bob Holden,
Treasurer; Richard A. Hanson, Commissioner of
Administration; Robert E. Bartman, Commissioner of
Education; Missouri State Board of Education and its
members; Thomas R. Davis; Gary M. Cunningham; Sharon M.
Williams; Peter F. Herschend; Jacqueline D. Wellington;
Betty E. Preston; Russell V. Thompson; Susan B. Finke;
Rice Pete Burns; Raymond McCallister; Special School
District of St. Louis County; Affton Board of Education;
Bayless Board of Education; Brentwood Board of Education;
Clayton Board of Education; Ferguson-Florissant Board of
Education; Hancock Place Board of Education; Hazelwood
Board of Education; Jennings Board of Education; Kirkwood
Board of Education; LaDue Board of Education; Lindbergh
Board of Education; Maplewood-Richmond Heights Board of
Education; Mehlville Board of Education; Normandy Board of
Education; Parkway Board of Education; Pattonville Board
of Education; Ritenour Board of Education; Riverview
Gardens Board of Education, Defendants,
Rockwood Board of Education, Defendant-Appellee,
University City Board of Education; Valley Park Board of
Education; Webster Groves Board of Education; Wellston
Board of Education; St. Louis County; Buzz Westfall,
County Executive; James Baker, Director of Administration,
St. Louis County, Missouri; Robert H. Peterson, Collector of
St. Louis County "Contract Account," St. Louis County,
Missouri, Defendants,
St. Louis Teachers' Union, Local 420, AFT, AFL-CIO, Intervenor.
 Nos. 96-1194, 96-1198.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1996.
Decided Sept. 25, 1996.
 
 William L. Taylor, argued, Washington, DC (Dianne M. Piche, Abigail F. Cohen, Michael A. Middleton, Richard B. Fields, and Veronica Johnson, on the brief), for appellants.
 Thomas Edward Tueth, argued, St. Louis, MO (Ian P. Cooper and Peter G. Yelkovac, on the brief), for appellees.
 Before MCMILLIAN, HEANEY and FAGG, Circuit Judges.
 HEANEY, Senior Circuit Judge.
 
 
 1
 On March 30, 1983, the Rockwood School District (Rockwood), along with other suburban school districts in St. Louis County, Missouri, signed a settlement agreement, under the terms of which it agreed to accept as many black transfer students as would constitute fifteen percent of the total student population in the district. It also agreed to accept a continuing obligation to attain a black student enrollment of twenty-five percent. Pursuant to the terms of this agreement, Rockwood accepted the following numbers of black transfer students from the St. Louis public schools:
 
 
 2
 School Year VTS Students Enrolled Percent Black
 1984-85 507 6.00
 1985-86 821 8.20
 1986-87 1162 10.70
 1987-88 1370 11.90
 1988-89 1652 12.92
 1989-90 1866 13.94
 1990-91 2242 14.73
 1991-92 2304 15.18
 1992-93 2520 15.79
 1993-94 2598 15.60
 1994-95 2662 15.04
 1995-96 2648 14.87
 
 
 3
 (Appellee's Br. at 25.)
 
 
 4
 The settlement agreement specifically provides:
 
 
 5
 When a district reaches its plan ratio within five years or any extension of time mutually agreed to by the parties, it is entitled to a final judgment declaring that it has satisfied its interdistrict pupil desegregation obligations. A district shall also be entitled to a final judgment if within five years it has enrolled 90% of the additional black students required to satisfy its plan ratio calculated pursuant to Section II.A.3 so long as the total number of additional black students attending schools in districts with plan ratios (all districts listed in Section II.A.2.b.) equals or exceeds the number of such black students who would have attended such schools had all such districts met such plan ratio. In making this latter calculation, resident students in excess of the plan goal shall not be included and interdistrict transfer students in excess of the plan goal shall be included. The plaintiffs shall not seek any further interdistrict pupil desegregation relief through litigation.
 
 
 6
 (Appellants' Jt. App. at 106-07 (footnote omitted).) Under the terms of the settlement agreement, which was approved by the United States District Court for the Eastern District of Missouri and this court in two en banc opinions, Adams v. United States, 620 F.2d 1277 (8th Cir.1980), and Liddell v. State of Missouri, 731 F.2d 1294 (8th Cir.) (Liddell VII ), cert. denied, 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed.2d 30 (1984), the State of Missouri, as the primary constitutional violator, was ordered to pay the full cost of city-to-suburb black student transfers.
 
 
 7
 On October 3, 1995, Rockwood filed an appropriate motion in the district court for final judgment pursuant to the settlement agreement. The Caldwell plaintiffs, the National Association for the Advancement of Colored People (NAACP), and the Board of Education of the City of St. Louis opposed Rockwood's motion. By memorandum and order dated November 25, 1995, the district court granted Rockwood's motion. It stated:
 
 
 8
 This matter is before the Court on Rockwood School District's motion, G(1778)95 and G(1779)95, for final judgment pursuant to Section XII.D. of the Settlement Agreement. Rockwood sets forth facts showing that in the 1991-92 school year, the requirements entitling Rockwood to final judgment were met: Rockwood's enrollment of voluntary transfer students (VTS) was within 10% of its plan ratio, and the total number of VTS in the participating county districts exceeded what that number would have been had all districts been precisely at their plan ratios.
 
 
 9
 (Appellants' Jt. App. at 206.) The Caldwell plaintiffs, the NAACP, and the Board of Education of the City of St. Louis appeal. We affirm the judgment of the district court.
 
 
 10
 Both this court and the Supreme Court have consistently held that a federal district court has broad discretionary powers in school desegregation cases. See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 16, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554 (1971); Liddell VII, 731 F.2d 1294 (8th Cir.1984); Liddell v. Board of Educ., 822 F.2d 1446 (8th Cir.1987). We believe the district court appropriately exercised its discretion in this case. The final judgment is consistent with the purpose of the settlement agreement in that it provides the black transfer students from the City of St. Louis and the suburban students with an integrated education; in the process, it also substantially reduces segregation in the St. Louis public schools.
 
 
 11
 The significance of the district court and this court approving the final judgment is clear from the terms of the settlement agreement, which specifically provides that after a school district receives an order granting it final judgment, it has a continuing obligation to:
 
 
 12
 cooperate in the recruitment and promotion of transfers under Sections 4a, c, f and h of the agreement in principle as implemented by Sections II and IX hereof, to accept transfer students under Section 1 of the agreement in principle as implemented by Section II hereof, and to participate in the magnet program established under Section 2 of the agreement in principle as implemented by Section III hereof in order to reach and maintain the plan goal (25 percent).
 
 
 13
 (Appellants' Jt.App. at 108 (emphasis added).) This settlement agreement, as we have previously stated, has been approved by this court en banc. Thus, Rockwood has a continuing obligation to abide by the terms of the settlement agreement, the State of Missouri has a continuing obligation to fund the transfers of black students from St. Louis to Rockwood, and the district court has an obligation to actively supervise the interdistrict obligations of Rockwood until November 25, 1997.
 
 
 14
 On April 23, 1996, the district court referred the question of the State's continuing obligation to fund various components of the desegregation remedy, including the interdistrict transfer component, to a settlement coordinator, Dr. William H. Danforth. Dr. Danforth has yet to submit his report and recommendations to the district court. Until this is done and the report is either accepted, rejected, or modified by the district court and until a decision has been made by the parties with respect to whether they will or will not appeal to this court from the final decision of the district court, we will not anticipate our decision on the matter. Accordingly, we affirm the decision of the district court as it grants Rockwood a final judgment and affirm the continuing obligation of the parties as stated above.